Chief B.R. Riggs West Palm Beach Police Department Post Office Box 1390 West Palm Beach, Florida 33402
Dear Chief Riggs:
You ask substantially the following question:
May the City of West Palm Beach utilize the fees collected pursuant to section 316.655(6), Florida Statutes, to upgrade the city's communication system to allow other municipalities to participate in such a system?
In sum:
Section 316.655(6), Florida Statutes, does not currently permit the use of the fees collected thereunder to fund a municipality's participation in an intergovernmental communication system.
You state that Palm Beach County began assessing the surcharge authorized in section 316.655(6), Florida Statutes in 1993 to help pay for a county communication system that was projected to cost $22 million. According to your letter, that projection has now more than doubled and the county communications committee has indicated that it is too expensive to proceed at this time.
You further state that the City of West Palm Beach has a state of the art 800 megahertz communication system that has been providing communication services to West Palm Beach and the City of Riviera Beach's police, fire, and emergency medical services communications. The city has been approached by several other cities requesting communications services be provided to their respective cities. The City of West Palm Beach would like to receive a portion of the surcharge authorized in section316.655(6), Florida Statutes, to expand its system to permit the city to provide such communications services to other cities. The county, however, is not, and has not requested to be, a participant in the city's communication system.
Section 316.655(6), Florida Statutes, provides:
In addition to any other penalty provided for violations of the state uniform traffic control law pursuant to [chapter 316] or chapter 318, any county which participates in an intergovernmental radio communication program approved by the Division of Communications of the [Department of Management Services] may assess an additional surcharge of up to $12.50 for each moving traffic violation, which surcharge shall be used by the county to fund that county's participation in the program. (e.s.)
Thus, the statute authorizes the county to assess the $12.50 surcharge and to use it to fund the county's participation in the intergovernmental radio communication program.
Where the Legislature has prescribed the limitations upon the exercise of a statutory power such as the assessment and use of the surcharge in section 316.655(6), Florida Statutes, it is, in effect, a prohibition against its being exercised in any other manner.[1] Moreover, an examination of the legislative history surrounding the enactment of section 316.655(6), Florida Statutes manifests a the intent that the surcharge proceeds must be used to fund a county's participation in the communication program.[2]
Your inquiry, however, concerns the use of the surcharge to fund one municipality's participation in another's communication system. While the city's communication system may qualify as part of an intergovernmental communication program,[3] the surcharge, as noted above, may only be used to fund a county's participation.
Accordingly, the use of the surcharge to fund a municipality's, rather than a county's, participation in an intergovernmental communication program would not appear to be authorized under the language of section 316.655(6), Florida Statutes, as that statute is currently drafted.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (where the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way).
[2] See, Final Bill Analysis Economic Impact Statement on CS/CS/SB 1134 (passed as chapter 92-165, Laws of Florida, Committee on Criminal Justice, dated April 29, 1992, which states that proceeds from the surcharge imposed under the proposed amendment to section 316.655, Florida Statutes, "must be used to fund the county's participation in the communication program."
[3] See, Memorandum from Mr. Glenn W. Mayne, Director of Division of Communications, Department of General Services [now Department of Management Services], to Sheriffs, County Commissioners and County Administrators, dated May 7, 1992, stating that an inter-governmental radio communication program is a "cooperative venture that features the participation of two or more local agencies, or one or more local agencies and one or more state agencies."